# Robert W. Sadowski PLLC

800 Third Avenue, 28th Floor
New York, New York 10022
Phone: 646-503-5341
Fax: 646-503-5348
rsadowski@robertwsadowski.com

*Via ECF*                                                             December 10, 2020

Hon. Katherine Polk Failla
United States District Judge    
Thurgood Marshall United States Courthouse
40 Foley Square, Room 618
New York, New York  10007

>  Re: *U.S. and New York State ex rel. Marianne T. O'Toole, as Trustee of the Bankruptcy Estate of Robert Douglas v. Living Corp.,* Case No. 1:17-cv-04007 (KPF)

Dear Judge Failla:

Plaintiff Marianne T. O'Toole, as the Bankruptcy Trustee of Robert Douglas, respectfully submits this letter pursuant to the Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ¶ 3(c).  Despite a good faith effort to resolve this discovery dispute, the Defendants have been unwilling or unable to fix dates for the depositions of Christine Stile, John Porcella and their Fed. R. Civ. P. 30(b)(6) witness.  We write to respectfully request that the Court order Defendants to produce Christine Stile, John Porcella and their Fed. R. Civ. P. 30(b)(6) witness in advance of the close of discovery.  The inability to fix the dates for these depositions is highly prejudicial to Plaintiff.  The meet-and-confer process occurred and was unsuccessful.

As the Court is aware, on May 26, 2017, the Complaint was filed under seal pursuant to the *qui tam* provisions of the federal and state False Claims Act.  Approximately two years later, on April 25, 2019, the Complaint was unsealed.  In the meantime, on June 7, 2018, the then Relator Robert Douglas filed for bankruptcy under the Chapter 7 of the United State Bankruptcy Code and Marianne T. O'Toole was appointed as the Trustee. On February 7, 2020, Plaintiff's filed a Motion seeking to dismiss the Plaintiff's Second Amended Complaint.  On May 14, 2020, this Court issued an Opinion & Order granting, in part, and denying, in part, the motion.  Defendants Answer to the Amended Complaint was filed on June 8, 2020 and on June 12, 2020 entered a Civil Case Management Plan and Scheduling Order.  Since that time Plaintiff's counsel has endeavored to complete discovery.

At this juncture, Plaintiff respectfully requests that the Court order Defendants to produce Christine Stile, John Porcella and their Fed. R. Civ. P. 30(b)(6) witness within the next two weeks and before the close of discovery, December 30, 2020.   Plaintiff has been trying diligently since September 2, 2020, to schedule Defendants' depositions. (Ex. 1, E-mail & Notices of Deposition.)  Defendants' first response to Plaintiff's first request to set deposition dates was "[t]he dates you noticed do not work for me."  (Ex. 2).  No alternative dates were

offered.  On September 11, 2020, Defendants responded that they will give dates for deposition and will accept subpoenas for their deposition.  (Ex. 3).  On September 14, 2020, Plaintiff's counsel again reached out to "pin down dates for depositions."  (Ex. 4).  On September 23, Plaintiff's counsel reminded Defendants that fact discovery closes on October 12, 2020, and offered Defendants four dates, and implored Defendants' counsel to confer with the deponents to schedule dates for deposition. (Ex. 5).  Having heard no response from out September 23, 2020, offer of dates for depositions, on September 28, 2020, Plaintiff's counsel warned that Plaintiff would write Your Honor to "so order" depositions.  (Ex. 6).  Defendants' counsel's response was she are "not available on those dates," and informed us that Defendants were going to seek an extension of discovery. (*Id.*).

On September 29, 2020, without conferring with Plaintiff's counsel pursuant the Paragraph 3(c), Defendants' counsel wrote the Court for an extension to December 30, 2020, without providing the Court any "explanation . . . for the parties' inability to complete the remaining depositions within the time allotted."  ECF No. 83.  Further, the "Court note[d]s its displeasure in granting such a lengthy extension to fact discovery, and [stated] [t]he parties should not expect any further extensions."  *Id.*

On Friday December 4, 2020, Plaintiff's counsel again implored, Defendants' counsel to provide dates for deposition by close of business.  (Ex. 7).  Plaintiff's counsel heard nothing from Defendants, except objections and purported deficiencies in Plaintiff's discovery responses.  On December 7, 2020, Plaintiff's counsel asked Defendants' counsel for her availability to meet and confer consistent with your Honor's rules, counsel's response was "No in mediation."  (Ex. 8).  That same day, Plaintiff's counsel asked for Defendants' counsel's availability for the next day.  *Id.*  The next day, Plaintiff's counsel wrote Defendants' counsel to warn her that "it will appear very bad if you refuse to have a meet and confer."  (Ex 9).  Counsel finally conferred on December 8, 2020, during which it appeared the parties had resolved outstanding discovery issues.  Defendants' counsel had promised to provide dates the next day December 9, 2020.  However, on December 9, 2020, Defendants' counsel stated that she had spoken to her clients and would have dates for the three depositions on December 10, 2020, in the morning.  (Ex. 10).  On December 10, 2020, still without dates, Plaintiff's counsel indicated that he was constrained to ask the Court to so order dates.  (Ex. 11).  In response, Defendants' counsel told Plaintiff's counsel that she had asked her clients and did not get firm dates, but suggested we "put aside the 30th for one of [her] clients."  *Id.*  Plaintiff's counsel replied that the 30th is too late for the Rule 30(b)(6) deposition we noticed in September.  Defendants' counsel then offered up January 29, 2020.

Defendants are running out the clock, and Plaintiff should not be prejudiced by Defendants' continued failure to produce the three witnesses that have been noticed since September of 2020.  Accordingly, Plaintiff seeks assistance from the Court and requests that the Court order that Defendants' produce Ms. Stile, Mr. Porcella and their Rule 30(b)(6) witness immediately and without further delay before the December 30, 2020 date to complete fact discovery.

Sincerely,

s/Robert W. Sadowski

Robert W. Sadowski

Enclosures

The Court is in receipt of Defendants' second request for an extension of the fact discovery deadline (Dkt. #84), and Plaintiff's request that the Court order Defendants to produce certain witnesses for the taking of their depositions (Dkt. #85).  As Plaintiff noted in the above letter, in the Court's September 29, 2020 Order in response to the Defendants' prior application, the Court expressed its displeasure in granting a lengthy extension to the fact discovery deadline, and stated that the parties should not expect any further extensions.  (Dkt. #83).  The Court is disappointed by the exhibits to Plaintiff's December 11, 2020 Letter, which reflect insufficient efforts by the Defendants to comply with the Court's fact discovery deadlines.

However, for the reasons enumerated in the Defendants' December 10, 2020 Letter, the Court GRANTS Defendants' application.  In granting Defendants' request, the Court cautions the parties that it will not entertain further requests for extensions of any kind to discovery.  The parties hereby have until January 13, 2021, to complete fact discovery.  To ensure that Defendants adhere to the fact discovery deadline, the Court hereby ORDERS Defendants to produce Christine Stile, John Porcella, and its Federal Rule of Civil Procedure 30(b)(6) witness for their depositions by January 13, 2021.

The post-fact discovery conference is hereby ADJOURNED to February 1, 2021, at 10:00 a.m.

Dated:   New York, New York
         December 11, 2020

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE